IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MONICA MORENO, § | | |
|     Petitioner, § | | |
| § | | |
| VS. § | Civil Action No. 4:16-CV-1133-O | |
| § | | |
| JODY R. UPTON, Warden, § | | |
| FMC-Carswell, § | | |
|     Respondent. § | | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 26 U.S.C. § 2241 filed by petitioner, Monica Moreno, a federal prisoner confined at FMC-Carswell in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

This case involves the Initiative on Executive Clemency (IEC) for federal prisoners and Deferred Action for Parents of American and Lawful Permanent Residents (DAPA).[1]

**II. ISSUES**

Petitioner claims that the President and the Department of Justice (DOJ) have exercised presidential clemency power and executive action in violation of the United States Constitution and federal regulations. *Id.* at 1. Specifically, Petitioner asserts that the President and the DOJ, in violation of her rights to due process and equal treatment under the law, have denied meaningful access to the clemency process based on the new limiting criteria for the IEC and have administered the new criteria in an arbitrary and discriminatory manner by rendering clemency recommendations

---

[1]Petitioner refers to the Initiative as the Clemency Project of 2014. Pet. 1, ECF No. 1.

and granting clemency to inmates who did not meet their "set criteria" and by discriminating against inmates convicted of white-collar and other non-violent offenses. *Id.* at 3. She also claims that DAPA violates her right to equal treatment under the law by granting illegal aliens various privileges, such as amnesty and deferred prosecution, while maintaining her imprisonment and subjecting her to collateral consequences upon her release that do not apply to DAPA beneficiaries.[2] *Id.* at 4. She seeks release from custody or a reduction in her sentence, and expungement of her criminal conviction(s). *Id.* at 5.

## III. DISCUSSION

As a preliminary matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims in the context of a habeas petition under § 2241. Petitioner contends that this Court has jurisdiction to consider the petition under the Administrative Procedures Act (APA). The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Petitioner fails to establish that she has petitioned and been denied executive clemency. Furthermore, although the DOJ is an "agency" within the meaning of the APA, its regulations affecting clemency, found at 26 C.F.R. §§ 1.0-1.11, are not binding on the president. 26 C.F.R. § 1.11. "Federal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law." *Harbison v. Bell,* 556 U.S. 180, 187 (2009). And, "the substantive discretion of the president in the exercise of his clemency power is all but absolute."

---

[2] New claims raised for the first time in Petitioner's "Sur-Reply" to Respondent's response to her petition are not considered. *See United States v. Sangs,* 31 F. App'x 152, 2001 WL 1747884, at *1 (5th Cir. Dec.11, 2001) (affirming, in § 2255 context, district court's refusal to consider issue raised for the first time in reply to government's answer to habeas petition) (citing *United States v. Cervantes,* 132 F.3d 1106, 1111 (5th Cir. 1998)), *cert. denied*, 535 U.S. 1070 (2002).

*Spinkellink v. Wainwright,* 578 F.2d 582, 618 (5th Cir. 1978), *cert. denied,* 440 U.S. 976 (1979). Thus, the president can grant or deny clemency at will, notwithstanding the DOJ's procedures or criteria, and judicial review of clemency decisions is rarely, if ever, appropriate. *See Conn. Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). Petitioner fails to establish that judicial review of her clemency claims under the APA is appropriate.

Even assuming the claims were properly presented under § 2241, to obtain federal habeas relief, Petitioner must show that she is being held in "violation of the Constitution, or laws, or treaties of the United States." 26 U.S.C. § 2241(c)(3). Petitioner cannot make such a showing as she has no statutory or constitutional right to clemency or clemency proceedings. *See Conn. Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). *See also Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1, 7 (1979) (providing "[d]ecisions of the Executive Branch, however serious th1eir impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision making must comply with standards that assure error-free determinations."). Because she has no such right to clemency, she is not entitled to due process or equal protection in connection with the procedures by which a petition for clemency is considered or a favorable clemency decision. *See Griggs v. Fleming,* 88 Fed. App'x 705, 2004 WL 315195, at *1 (5th Cir.), *cert. denied,* 542 U.S. 931 (2004).

Petitioner's claim under DAPA also lacks merit. Petitioner fails to establish how a ruling in her favor as to this claim would result in her immediate release or a reduction of her sentence. Moreover, implementation of DAPA was enjoined on a nationwide basis by the Fifth Circuit's 2015 decision in *Texas v. United States,* 609 F.3d 134 (5th Cir. 2015), *aff'd,* 136 S. Ct. 2271 (2016).

## III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 26 U.S.C. § 2241 is DENIED, and a certificate of appealability is DENIED.

**SO ORDERED** on this 3rd day of January, 2018.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**